UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD SPEARMAN, | Case No. 2:21-cv-01289-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| SACRAMENTO COUNTY, *et al.*, | ECF No. 6 |
| Defendants. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL, OR |
| | (2) FILE AN AMENDED COMPLAINT |
| | ECF No. 1 |
| | THIRTY-DAY DEADLINE |

Plaintiff has filed a complaint alleging that defendants violated his rights by disclosing his private medical information in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and by defrauding him of a substantial sum of money. ECF No. 1 at 4-5. These claims are non-cognizable under section 1983. I will give plaintiff an opportunity to amend his complaint before recommending that it be dismissed. I will also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 6.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff brings two claims. He alleges that an unnamed nurse violated his HIPAA rights when she relayed some of his private information to an inmate named Jaysean Wright, who used that information to defraud him. ECF No. 1 at 4. There is, however, no private right of action under HIPAA. *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir.

2007). Plaintiff also alleges that he was defrauded of a substantial sum of money by another inmate named Jaysean Wright. This claim is flawed in two ways. First, plaintiff alleges that Wright is a prisoner and not a state actor. As such, he cannot sue this defendant under section 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982). Second, a claim for fraud does not implicate the constitution or laws of the United States. It falls under state law and cannot form the sole basis for a section 1983 action. *See, e.g.*, *Crawford v. City of Lakewood*, No. 3:20-cv-05088-BHS, 2020 U.S. Dist. LEXIS 72697, *4 (W.D. Wash. Mar. 25, 2020) ("Without any viable federal claim, plaintiff cannot bring this state law claim of fraud under [§1983]."). Thus, a claim against the unnamed nurse for fraud is also not cognizable.

       I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

       Accordingly, it is ORDERED that:

       1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 6, is GRANTED.

       2. Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

       3. Failure to comply with this order may result in the dismissal of this action.

       4. The Clerk of Court is directed to send plaintiff a complaint form.

3

1
2  IT IS SO ORDERED.
3
4  Dated:    April 12, 2022                    _____
                                                JEREMY D. PETERSON
5                                               UNITED STATES MAGISTRATE JUDGE

4